IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT ANDREW REED, #233-999<br>　　　　Petitioner | * |
| | * |
| v. | CIVIL ACTION NO. PJM-05-2746 |
| | * |
| J. JOSEPH CURRAN, JR.<br>　　　　Respondent | * |

******

## MEMORANDUM OPINION

Currently confined at the Maryland Correctional Institution in Hagerstown, Maryland, Petitioner Robert Andrew Reed filed the instant 28 U.S.C. § 2254 habeas corpus application on October 3, 2005, challenging his 1993 convictions for second degree rape and related offenses. Paper No. 1.  For the reasons set out herein, this Court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).  The pending application is beyond doubt a second and successive one which Petitioner has filed in this Court.  On February 28, 2001, he filed his first federal habeas corpus application, which was denied on April 10, 2001, as being filed beyond the applicable statute of limitations.  *See Reed v. State of Maryland*, Civil Action No. PJM-01-600 (D. Md. 2001).[1]

Before this Court may consider the pending petition, the United States Court of Appeals for

---

[1] *Reed v. Curran*, Civil Action No. PJM-03-377 (D. Md. 2003), was dismissed on August 7, 2003, as being a second or successive habeas corpus petition. *Reed v. Missouri*, Civil Action No. PJM-05-691 (D. Md. 2005) was dismissed on March 21, 2005, as a second or successive habeas corpus petition.

the Fourth Circuit must enter an order authorizing this Court to consider Petitioner's application for habeas corpus relief. *See* 28 U.S.C. § 2244(b)(3)(A);[2] *see also In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Undoubtedly, Petitioner has not complied with this "gatekeeper" provision. Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

As Petitioner has previously been advised, the United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive Petition before this Court may examine his claims.

For the reasons set forth herein, this Court is without jurisdiction to review the instant Petition, and accordingly the Petition shall be dismissed. A separate Order shall be entered reflecting the ruling set out herein.

October 6, 2005

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

3